IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WINDSOME PETERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 12-CV-166-TCK-TLW |
| | ) | |
| **TERRY JENKS, Executive Director** | ) | |
| **Oklahoma Pardon and Parole Board;** | ) | |
| **RICHARD DUGGER, Chairman** | ) | |
| **Oklahoma Pardon and Parole Board,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On March 26, 2012, Plaintiff, a state inmate appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be denied. In addition, the civil rights complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**A.  Motion to proceed *in forma pauperis***

The Statement of Institutional Accounts provided by Plaintiff in support of his motion reveals that as of March 21, 2012, Plaintiff had $0.16 in his inmate draw account and $468.07 in his inmate savings account. See Dkt. # 2. Pursuant to Okla. Stat. tit. 57, § 549(A)(5), funds from an inmate's savings account may be used for fees or costs in filing a federal action. Accordingly, because Plaintiff had cash and securities in his inmate accounts exceeding $360.00 at the time he executed the affidavit in support of his motion to proceed *in forma pauperis* and the filing fee for this action is $350.00, Plaintiff's motion shall be denied and Plaintiff shall be required to pay the full $350.00 filing fee.

**B. Dismissal standard**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

### C. Complaint shall be dismissed for failure to state a claim

In his complaint (Dkt. # 1), Plaintiff identifies two (2) causes of action: (1) Count I -- violation of right to due process by actions resulting in the denial of sentence commutation, and (2) Count II -- conspiracy to hide reduction of crime of conviction without being provided notice and a hearing. He names two (2) defendants: Terry Jenks, identified as the Executive Director of the Oklahoma Pardon and Parole Board; and Richard Dugger, identified as Chairman of the Oklahoma Pardon and Parole Board. Id. Both defendants are sued in their official capacity. Id. In his request for relief, Plaintiff asks that his "Parole and Commutations" status be restored and that he be awarded money damages from the State of Oklahoma in the amount of $16.2 million dollars. Id. As discussed below, Plaintiff has failed to state a claim upon which relief may be granted and his complaint shall be dismissed without prejudice.

#### 1. Eleventh Amendment immunity

The Eleventh Amendment precludes an individual from suing a state in federal court, and the bar exists whether the relief sought is legal or equitable. Papasan v. Allain, 478 U.S. 265, 276 (1986). Plaintiff has raised claims for monetary damages and for injunctive relief against the defendants in their official capacities. Those claims are barred by the Eleventh Amendment. See Callahan v. Poppell, 471 F.3d 1155, 1158-59 (10th Cir. 2006) (noting that because "Oklahoma has

not waived sovereign immunity against § 1983 claims in federal district court," any claims for money damages against prison staff acting in their official capacities are barred by the Eleventh Amendment). The State of Oklahoma has not waived its Eleventh Amendment immunity. See id.; Nichols v. Department of Corrections, 631 P.2d 746, 750-51 (Okla.1981). Accordingly, Plaintiff's requested relief is barred by Eleventh Amendment immunity. See Reid v. Oklahoma Pardon and Parole Bd. 67 Fed. Appx. 515, *2 (10th Cir. June 6, 2003) (unpublished).[1]

### 2. Request for sentence commutation is improper under § 1983

The Supreme Court has made clear that a "§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 482, 489 (1973)) (internal citations and punctuation omitted). Instead, prisoners must seek either federal habeas corpus relief or relief under state law. Id. at 78. Plaintiff's request that his "Parole and Commutations" status be restored may shorten his term of confinement. That relief is available only via habeas corpus. Should Plaintiff seek federal habeas corpus relief, he must first exhaust state remedies through fair presentation of his constitutional claim(s) to the state's highest court for criminal matters, the Oklahoma Court of Criminal Appeals.

### 3. No due process interest in recommendation of sentence commutation

In Count I, Plaintiff alleges that he was deprived of due process when the Oklahoma Department of Corrections failed to provide him with an "Executive Order of Commutation of Sentence." See Dkt. # 1. "The threshold requirement [for stating a due process claim] is a sufficient allegation by the plaintiff that the plaintiff possesses a liberty or property interest." Doyle v. Okla.

---

[1] Citation to unpublished opinion is for persuasive value. See 10th Cir. R. 32.1(A).

Case 4:12-cv-00166-TCK-TLW   Document 4   Filed in USDC ND/OK on 05/09/12   Page 5 of 6

Bar Ass'n, 998 F.2d 1559, 1570 (10th Cir. 1993). In this case, Plaintiff has no liberty interest in being recommended for sentence commutation under the Oklahoma statutes. Cf. Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir. 1979) (finding no liberty interest in parole in Oklahoma); Shabazz v. Keating, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectable liberty interest in an Oklahoma parole."); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998) ("The Constitution does not itself afford appellant a liberty interest in a reduced sentence."). It follows that Petitioner has no claim for violation of procedural or substantive due process. Id. ("To make out a due process claim, appellant must assert the infringement of a protected liberty interest."); Wildermuth v. Furlong, 147 F.3d 1234, 1239 (10th Cir. 1998) (rejecting a claim for a violation of substantive due process because the inmate had no liberty interest in parole).

Because Petitioner has no liberty interest in being recommended for sentence commutation under the Oklahoma statutes, he is not entitled to specific due process procedures, such as being advised of criteria used in making recommendations or being provided written reasons for the denial of sentence commutation.

**4. Conspiracy allegation fails to state a claim**

In Count II of his complaint, Plaintiff asserts that defendants and/or prison officials hid from him the fact that one of the crimes for which he was convicted had been reduced. Plaintiff's vague and conclusory allegations that defendants conspired to hide the status of his convictions fail to state a claim on which relief may be granted. See Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief

that is plausible on its face.") (internal quotation marks omitted). To state a conspiracy claim, a plaintiff is required to "allege specific facts showing agreement and concerted action." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994). Plaintiff's complaint falls far short of these standards. For that reason, his Count II claim fails to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **denied**.

2. Within thirty (30) days of the entry of this order, or by **June 8, 2012**, Plaintiff shall submit to the Court the requisite **$350.00**.

3. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

DATED THIS 9th day of May, 2012

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE